IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBORAH-ANN: HIBBEN, )
)
      Plaintiff, )
)
LAWFUL WOMAN, CREDITOR )
SECURED PARTY, THE REAL )
PARTY IN INTEREST, )
)
vs. ) No. 05 C 4262
)
COUNTRYWIDE HOME LOANS, )
INC., et al., )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Deborah-Ann Hibben brought this *pro se* action seeking to enforce an administrative award of $78,471,204 against defendants Countrywide Home Loans, David Sambol, Andrew Gissinger III, and Stanford Kurland (collectively "defendants"). To collect that sum plaintiff has requested an entry of default judgment against defendants under FED. R. CIV. P. 55(a). Defendants move to dismiss plaintiff's complaint under Rules 12(b)(6) and 8(a). For the following reasons, defendants' motion to dismiss is granted, and plaintiff's motion for default judgment is denied.

Under Rule 12(b)(6) a complaint may be dismissed if it fails to state a claim upon which relief can be granted. Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004). Whether the complaint survives a 12(b)(6) motion often depends on its ability to meet Rule 8 pleading standards. Lekas v. Briley, 405 F.3d 602, 606 (7th Cir. 2005). Rule 8(a) "requires only (1) a short and plain statement of the grounds upon which the court's

jurisdiction depends, ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." McDonald v. Household Intern. Inc., 425 F.3d 424, 427 (7th Cir. 2005) (quoting Rule 8(a)). Notice pleading standards do not require the pleader to provide legal theories. McDonald, 425 F.3d at 427; Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 282 (7th Cir. 2002) ("The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply."). The complaint must, however, plead the minimum facts to put the defendants on notice of the claim so they may file an answer. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). The court accepts all well-pleaded allegations and draws all reasonable inferences in plaintiff's favor. Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971, 981 (7th Cir. 2004). And since plaintiff is proceeding *pro se*, we liberally construe her complaint. McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000).

Before addressing whether plaintiff's complaint states a claim, we must first ask whether we have jurisdiction. *See* Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005) (federal courts have a *sua sponte* duty to police subject matter jurisdiction); Hay v. Ind. State Bd. of Tax Comm'rs, 312 F.3d 876, 879 (7th Cir. 2002). Federal jurisdiction exists when a claim arises under federal law. Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 404 (7th Cir. 2004). Under the well-pleaded complaint rule federal question jurisdiction exists when the plaintiff's complaint raises issues of federal law. Hart v. Wal-Mart Stores, Inc. Associates' Health and Welfare Plan, 360 F.3d 674 (7th Cir. 2004).

Plaintiff appears to invoke jurisdiction under admiralty law when she writes that she "sets this action and files this action within the Court Clerk 'within the admiralty' pursuant to Special Procedures in Admiralty #Rule E(8)" (cplt. ¶ 2). Admiralty issues often present

federal questions, but we do not understand plaintiff's reference to "#RuleE(8)." She does, however, state that her action is brought pursuant to 46 U.S. §§ 742-749 (cplt. ¶ 7). Those provisions are included in the U.S. Code (Chapter 20 of Title 46), and are titled, "Suits in Admiralty by or Against Vessels or Cargoes of United States." Plaintiff asserts that "all parties are U.S. VESSELS and fit the legal definition of a U.S. Vessel" (cplt. ¶ 9) and "[t]he Court Officers/ Master/ Mariners are liable if they mislead/mis-deliver this action into the wrong Court and the law provides for criminal penalties for compliance failures" (cplt. ¶ 10). These two paragraphs in the complaint epitomize how this case has absolutely nothing to do with maritime law.

Countrywide Home Loans is a lender, and the remaining defendants are presumably its employees and/or officers. However, the title "Mail Carrier" accompanies defendant Sambol's name in the heading of plaintiff's exhibits. A vessel is defined as "A ship, brig, sloop, or other craft used or capable of being used, in navigation on water." BLACKS LAW DICTIONARY 1562 (6th ed. 1990). There are no vessels in this case. Nevertheless, to support her claim that *she* is a vessel, plaintiff writes that "[t]he injured party petitioner/libellant, intervenor holds a priority commercial claim against the debtor named DEBORAH ANN HIBBEN, Stramineus Homo, A U.S. Vessel by legal definition" (cplt. facts ¶ 14). The latinate allusion to a straw man provides metaphoric support to a person as a vessel, but it does nothing to show that this is a maritime case. Further, the brief mention of Title 46 in her jurisdictional statement, the occasional allusion to the parties and Court Clerk as vessels, and reference to the lawsuit and docket file as cargo, do not together transform this case into one

arising under the maritime statutes.[1] It is true that plaintiff need not plead legal theories, and may even skate by after identifying an incorrect legal theory (<u>Bartholet v. Reishauer A.G. (Zurich)</u>, 953 F.2d 1073, 1078 (7th Cir. 1992)), but here plaintiff has plead herself out of court by demonstrating that no federal jurisdiction exists.[2]

That marks the end of the matter, but several issues still deserve attention. Defendants claim that the complaint should be dismissed because it is unintelligible. They are right. It is impossible to glean from the complaint, even under the most generous reading, how defendants harmed plaintiff. There are no facts consistent with the complaint, under any legal theory, that would entitle plaintiff to the relief she seeks. *See* <u>Small v. Chao</u>, 398 F.3d 894, 898 (7th Cir. 2005). Thus, even if plaintiff could establish jurisdiction, her complaint must be dismissed because it is unintelligible and fails to inform defendants of their alleged wrongdoing. *See* <u>Davis v. Ruby Foods</u>, 269 F.3d 818, 820 (7th Cir. 2001) (dismissing an unintelligible claim is not unexceptional). Leave to replead is often granted when a claim is dismissed under Rule 8(a) for being unintelligible. <u>Lindell v. McCallum</u>, 352 F.3d 1107, 1110 (7th Cir. 2003). However, plaintiff's complaint is beyond the point of resuscitation, and it is dismissed with prejudice. Unlike <u>Lindell</u>, there is no claim buried in plaintiff's complaint that entitles her to a second chance and an opportunity to replead. This is not a situation where extraneous matter in the complaint can be shaved off, leaving a trimmed down and valid complaint. *See* <u>Davis</u>, 269 F.3d at 820-21.

---

[1] If this is a tort action, then we look to see if there is a ship or other vessel involved. And if it is a contract action, we must determine if the contract is a maritime one. *See* <u>Norfolk Southern Ry. v. James N. Kirby, Pty Ltd.</u>, 125 S. Ct. 385, 393 (2004). But plaintiff does not present a contract or allege a tort committed by defendants against her. Moreover, to effectuate maritime commerce and be a maritime contract, the bill of lading must "require[ ] substantial carriage of goods by sea." *Id.* at 395. Plaintiff does not allege any carriage by sea.

[2] Plaintiff has not invoked diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Plaintiff's stated basis for relief also merits a brief discussion. Plaintiff contends that her administrative award is recognized under the Hague Convention, and she attaches what she depicts as "an Internationally Certified, Authenticated, Official Record and Public document of the United States." But she also says that she is entitled to the return of funds "claimed where payment was demanded on a fraudulent contract with [defendants] of $97,151.00, plus all sums subsequently fraudulently liened/levied, and $75.00 per hour" for time that she spent mailing defendants notices. And in her "Relief Sought" section, she requests that "the AGREEMENT/CONTRACT be enforced as the third party/defendants/libellees are in trespass and violation of the AGREEMENT/CONTRACT and are failing to state a claim upon which relief can be granted." But she attaches no agreement or contract, and it is impossible to determine the nature of the underlying debt owed, if it is a debt that plaintiff seeks to collect.

The purported source of plaintiff's administrative award appears to be an "International Commercial Claim in Admiralty Administrative Remedy" (*see* plf. exs. A-D). The court is not familiar with this agency, much less the legal significance of an award issued by it. The several courts that have considered "International Commercial Claims" have found them to be without merit.

In Peters v. BMW of N. America, Inc., 2005 U.S. Dist. LEXIS 20994, *11, the plaintiff filed against defendant "'a NOTICE OF INTERNATIONAL COMMERCIAL CLAIM ADMIRALTY ADMINISTRATIVE RELIEF to the Circuit Court of Prince George's County.'" This filing and others like it prompted the court to issue a pre-filing injunction against the plaintiff, a frequent filer of vexatious and frivolous claims, including the "international commercial claim." Plaintiff's exhibits also mirror filings made in United States

v. Dutson, 2005 U.S. Dist. LEXIS 3840 (D. Ariz. 2005). In that case the defendants mailed to the court a "Notice of International Commercial Claim within the Admiralty ab initio," which named the court as "libellee," just as plaintiff names defendants "libellee." Dutson, 2005 U.S. Dist. LEXIS 3840, *6. After listing other filings the defendants submitted, which again mirror the documents plaintiff has submitted (see "Notice of Demand and Settlement for the Closing of the Escrow" *7; plf. resp. ex. F), the court concluded:

> It would serve no useful purpose to attempt to otherwise summarize the materials filed by Defendants. Suffice it to say that they threaten various actions and/or penalties, against the Court . . . or government attorneys are generally unintelligible, legally frivolous, void, and a nullity. The [sic] have no legal force or effect and are unenforceable.

(Id. at *8). As in Dutson, in United States v. Bryan, 2005 WL 1335520, *4 (E.D. Cal. 2005), the defendant filed documents that mirror those filed by plaintiff ("Notice of International Commercial Claim Administrative Remedy," "Notice of Fault-Opportunity to Cure," "Notice of Demand and Settlement for Closing of Escrow," and "Notarial Protest and Notice of Administrative Judgment Certificate of the Escrow."). In Bryan, the court concluded that the defendant's filings were "frivolous devices used to harass government employees and granted the plaintiff summary judgment." Id.

It appears that plaintiff's complaint is of the same ilk as the filings made in Duston, Bryan, and Peters. The separate and idiosyncratic complaints are identical in many respects. We hesitate to suggest that the complaints derive from a common source, which could possibly warrant other measures beyond the scope of defendants' motion to dismiss. We instead conclude that dismissal with prejudice sufficiently resolves the matter. Further, since there is no judgment to enforce, plaintiff's request for default judgment is denied.

## CONCLUSION

Plaintiff's motion for default judgment is denied, and the complaint is dismissed with prejudice.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 29, 2005.